UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GREGORY H. KIRK,

                Plaintiff,

   -against-                                                                          1:12-CV-1258 (LEK/TWD)

ULSTER COUNTY NEW YORK, *et al.*,

                Defendants.
_____

## **DECISION and ORDER**

**I.    INTRODUCTION**

*Pro se* Plaintiff Gregory H. Kirk ("Plaintiff") commenced this action against Defendants Ulster County, Ulster County Executive Michael Hein (collectively with Ulster County, the "County Defendants"), and Columbia Drumlin, LLC ("Columbia Drumlin") (collectively with the County Defendants, "Defendants") on August 10, 2012, alleging that a tax foreclosure proceeding violated his due process rights. Dkt. No. 1 ("Complaint"). Presently before the Court are Columbia Drumlin and the County Defendants' separate Motions to dismiss the Complaint for failure to comply with discovery obligations and failure to prosecute. Dkt. Nos. 40 ("CD's Motion"); 43 ("County's Motion"). For the following reasons, the Court grants the Motions and dismisses the Complaint.

**II.    BACKGROUND**

The Court assumes the parties' familiarity with the facts underlying this action. At a telephone conference held on August 12, 2013, before Magistrate Judge Dancks, Plaintiff could not be reached. Aug. 12, 2013 Text Order. Noting that Plaintiff had failed "to respond to other Court directives in the past during the pendency of this action," Judge Dancks set new discovery deadlines and stated that if Plaintiff failed to respond to any discovery demands or appear for a deposition, "an

Order to Show Cause may be issued directing Plaintiff to show cause why this action should not be dismissed for failure to prosecute." Id.

Columbia Drumlin filed its Motion on September 27, 2013, stating that Plaintiff had failed to respond to requests for production of documents and did not appear for a deposition on September 20, 2013. CD's Mot.; Dkt. No. 40-1 ¶¶ 6-7. The County Defendants filed their Motion on October 28, 2013, citing the same reasons. County's Mot.; Dkt. No. 43-2 ¶ 18. Plaintiff did not communicate with Defendants in any way regarding his failure to comply. Dkt. No. 40-1 ¶ 8. Plaintiff's responses to the Motions were due October 29, 2013. See Docket. Plaintiff has not filed any response, nor has he communicated with the Court in any way since March 2013. Id.

## III. DISCUSSION

Defendants argue that dismissal is appropriate based on Federal Rule of Civil Procedure 37 and Local Rule 41. CD's Mot. at 1; County's Mot. at 7. Federal Rule of Civil Procedure 37(b) states that where "a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may . . . dismiss[] the action or proceeding in whole or in part." "Several factors may be useful in evaluating a district court's exercise of discretion to impose sanctions pursuant to this rule, including (1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance." S. New Eng. Tel. Co. v. Global NAPs Inc., 624 F.3d 123, 144 (2d Cir. 2010) (quotation marks and alteration omitted).

Local Rule 41.2 provides that "[w]henever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed." "[T]he plaintiff's

failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." L.R. 41.2. If a plaintiff fails to respond to a notice of hearing as to dismissal for failure to prosecute, "the Court shall issue a written order dismissing the case for failure to prosecute or providing for sanctions or making other directives to the parties as justice requires." Id.; see also FED. R. CIV. P. 41(b) (providing for involuntary dismissal where plaintiff fails to prosecute an action or comply with the Federal Rules of Civil Procedure or a court order).

The Second Circuit has identified five considerations for courts determining whether to dismiss a case for failure to prosecute: (1) the duration of the plaintiff's failure; (2) whether the plaintiff has received notice that further delays will result in dismissal; (3) the likelihood that further delay will prejudice the defendant; (4) the need to alleviate court calendar congestion balanced against the need to protect the plaintiff's right to due process; and (5) the efficacy of lesser sanctions. Lewis v. Rawson, 564 F.3d 569, 574 (2d Cir. 2009). No single factor is dispositive in this analysis. United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004).

Given that Plaintiff's noncompliance with the August 12 Discovery Order represents only one of several instances of his failure to prosecute this action, the Court will evaluate the Motions under Local Rule 41.2, but notes the significant overlap between the factors considered under Federal Rule of Civil Procedure 37(b) and dismissals for failure to prosecute. As to the first two failure-to-prosecute factors, Plaintiff has repeatedly failed to comply with discovery requests and with orders of the Court. See generally Docket. Plaintiff has failed to comply with Judge Dancks's August 12, 2013 Text Order, which specifically warned Plaintiff that failure to comply would result in dismissal. Id. Plaintiff has also been served with two separate Motions to dismiss, and has not responded to either. Id. Overall, nearly a year has elapsed since Plaintiff made contact with the

3

Court. See Dkt. No. 26.

As to the third factor, Defendant Columbia Drumlin owns the real property the seizure of which Plaintiff challenges in this action. Dkt. No. 40-1 ¶ 12. Columbia Drumlin's counsel explains that it has been unable to take possession of the property because although it commenced an action seeking possession in the local justice court, that court has declined to consider it until the Court resolves this action. Id.

As to the fourth factor, the guideline for case completion in this District is eighteen months. See N.D.N.Y. Gen. Order 25. This action has been pending for nearly that long, and in the meantime Plaintiff has not taken any steps to prosecute it. See generally Dkt.

Finally, the Court finds that dismissal with prejudice is the only efficacious sanction. Waiting for Plaintiff to comply with his obligations is unlikely to be fruitful, and any further delay will prejudice Columbia Drumlin. In light of the totality of these factors, the Court dismisses Plaintiff's Complaint.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motions (Dkt. Nos. 40, 43) to dismiss are **GRANTED**; and it is further

**ORDERED**, that the County Defendants' Letter Motion (Dkt. No. 45) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED: February 05, 2014
Albany, New York

Lawrence E. Kahn
U.S. District Judge